# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Shamrock Foods Company, a Arizona Corporation, and DOES 1-10.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Miguel Chavez, individually and on behalf of all others similarly situated.

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 13 2017

M. Preciado

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Riverside Historic Courthouse

CASE NUMBER
(Número del Caso): RIC1704339

4050 Main Street
Riverside, CA 92501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Craig J. Ackermann, 1180 South Beverly Dr. Suite 610, Los Angeles, CA 90035, 310-277-0614

| DATE: March 13, 2017 (Fecha) | MAR 13 2017 | Clerk, by (Secretario) | M. PRECIADO | , Deputy (Adjunto) |
| --- | --- | --- | --- | --- |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Shamrock Foods Company

under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☐ other (specify):
4. ☑ by personal delivery on (date): 3/23/17

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Craig J. Ackermann (SBN 229832)<br>Ackermann Tilajef, P.C.<br>1180 South Beverly Drive, Suite 610<br>Los Angeles, CA 90035<br>TELEPHONE NO.: (310) 227-0614   FAX NO.: (310) 227-0635<br>ATTORNEY FOR *(Name):* Miguel Chavez | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
Miguel Chavez v. Shamrock Foods Company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount        (Amount<br>demanded      demanded is<br>exceeds $25,000)   $25,000 or less) | ☑ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | RIC 1704339 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence         f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 2
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 13, 2017
Jonathan Melmed, Esq.
_____               _____
(TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ BANNING 311 E. Ramsey St., Banning, CA 92220
☐ BLYTHE 265 N. Broadway, Blythe, CA 92225
☐ HEMET 880 N. State St., Hemet, CA 92543
☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ PALM SPRINGS 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ RIVERSIDE 4050 Main St., Riverside, CA 92501
☐ TEMECULA 41002 County Center Dr., #100, Temecula, CA 92591

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
Jonathan Melmed (SBN 290218)
Melmed Law Group P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035

TELEPHONE NO: (310)824-3828   FAX NO. *(Optional):* (310)862-6851
E-MAIL ADDRESS *(Optional):* jm@melmedlaw.com
ATTORNEY FOR *(Name):* Miguel Chavez

PLAINTIFF/PETITIONER: Miguel Chavez

DEFENDANT/RESPONDENT: Shamrock Foods Company

FOR COURT USE ONLY

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 13 2017

M. Preciado

CASE NUMBER:
RIC 1704339

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of:   91752

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date  March 13, 2017

Jonathan Melmed, Esq.
*(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)*

► _____
*(SIGNATURE)*

1 | Ackermann & Tilajef, P.C.
Craig J. Ackerman, CA Bar No. 229832
2 | cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
3 | Los Angeles, California 90035
Telephone: (310) 277-0614
4 | Facsimile: (310) 277-0635

5 | Melmed Law Group P.C.
Jonathan Melmed, CA Bar No. 290218
6 | jm@melmedlaw.com
1180 South Beverly Drive, Suite 610
7 | Los Angeles, California 90035
Telephone: (310) 824-3828
8 | Facsimile: (310) 862-6851

9 | Attorneys for Plaintiff and the Putative Class

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAR 1 3 2017

M. Preciado

10

11 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

12 | FOR THE COUNTY OF RIVERSIDE

13 |

RIC  1704339

14 | Miguel Chavez, individually and on behalf of all    CASE NO.: **1704339**
others similarly situated,

15 |                                                     CLASS ACTION
              Plaintiff,
16 |                                                     COMPLAINT FOR DAMAGES:
                                                         (1) FAILURE TO REIMBURSE BUSINESS
17 | v.                                                  EXPENSES (LABOR CODE § 2802);
                                                         (2) UCL VIOLATIONS (BUS. & PROF. CODE
18 | Shamrock Foods Company, an Arizona                  §§ 17200-17204); AND
Corporation, and DOES 1-10
19 |                                                     DEMAND FOR JURY TRIAL
              Defendant.
20

21

22

23

24

25

26

27

28

1  Plaintiff Miguel Chavez ("Plaintiff"), on behalf of himself and all others similarly-situated
2  (hereinafter "Class Members"), complains and alleges as follows:

3  <center>**OVERVIEW OF CLAIMS**</center>

4  1.  Plaintiff brings this action on behalf of himself and all others similarly situated as a class
5  action, and on behalf of the California general public, against Defendant Shamrock Foods Company.
6  Plaintiff seeks reimbursement for business expenses, and interest thereon; other equitable relief; and
7  reasonable attorneys' fees and costs, under California Labor Code § 2802, Code of Civil Procedure
8  § 1021.5, and Business and Professions Code § 17200, *et seq.* Plaintiff brings this action on behalf of
9  himself and all other individuals who are or have been employed as "Outside Sales Representatives" or
10  employed in a similar capacity (hereinafter "Class Members" or "Outside Sales Representatives") by
11  Shamrock Foods Company and/or its subsidiaries, predecessors or affiliated companies (hereinafter
12  "Defendant") in California during the four years prior to the filing of this action through to the trial date
13  ("Class Period"). Plaintiff and Class Members paid business expenses incurred by them in the course of
14  their work for Defendant as Outside Sales Representatives, for which they have not received full
15  reimbursement from Defendant. Plaintiff, on behalf of himself and all similarly situated Class
16  Members, seek restitution of all unjust enrichment Defendant has obtained from its failure to fully
17  reimburse from expenses incurred by Plaintiff and Class Members pursuant to Business & Professions
18  Code § 17200, *et seq.*

19  2.  The "Class Period" is defined as the period from four years prior to the filing of this
20  complaint through the earlier of the trial date or preliminary approval of any settlement. Defendant's
21  violations of California's wage and hour laws and unfair competition laws, as described more fully
22  below, have been ongoing for at least the past four years, and are continuing at present.

23  3.  Plaintiffs and similarly-situated Class Members are and/or were employed to sell
24  product and/or services on behalf of Defendant. They are, and throughout the Class Period have been,
25  employed by Defendant. Class Members' duties are typically performed "in the field" - in a
26  geographical territory assigned to them by Defendant - and away from Defendant's offices more than
27  51% of the time. Defendant expects and requires Outside Sales Representatives to drive their own
28  vehicles to and from the business locations of customers and prospective customers, and to and from

<center>**PLAINTIFF'S CLASS ACTION COMPLAINT**</center>

1  Defendant's offices in order to attend meetings and trainings, and/or carry out other duties. Plaintiff and

2  similarly-situated Outside Sales Representatives are expected and required by Defendant to pay, and

3  have personally paid for, expenses associated with the operation of their vehicles in the course of their

4  employment for the benefit of Defendant. Such expenses include, inter alia, gasoline and oil, fuel,

5  parking, tolls, maintenance, repairs, insurance, registration, depreciation, and other automobile-related

6  expenses ("motor vehicle business expenses").

7        4.      Defendant also expects and requires Class Members to perform job duties, such as

8  communicating with and preparing or transmitting documents for meetings or other communications

9  with current and/or prospective clients, away from Defendant's office facilities. Plaintiff and similarly-

10 situated Class Members are expected by Defendant to pay, and have personally paid for, the purchase

11 copying and printing supplies or services in the discharge of their sales-related duties ("business

12 expenses").

13       5.      Defendant does not maintain a policy of reimbursing its Outside Sales Representatives

14 for all of their actual out of pocket expenses necessarily incurred in their discharge of their duties. Nor

15 does Defendant maintain an expense reimbursement policy of reimbursing its Outside Sales

16 Representatives for all business miles driven fully, at the IRS rate (a rate calculated to estimate the cost

17 of running a motor vehicle per mile and includes the following: fuel, maintenance, repairs, insurance,

18 registration, and depreciation). Specifically, Defendant does not reimburse Plaintiff and Class Members

19 for the actual costs of their motor vehicle business expenses. Rather, and upon information and belief,

20 Defendant has maintained throughout the Class Period, and still maintains, an expense reimbursement

21 policy/practice whereby it pays its Class Members an insufficient fixed flat monthly expense allowance

22 per month ("Fixed Monthly Expense Allowance" or "Allowance"). The Allowance for putative Class

23 Members varied from $400 per month up to $1000 per month in some cases.

24       6.      This Fixed Monthly Expense Allowance did and does not fully reimburse, and/or

25 indemnify Class Members for all their necessarily incurred motor vehicle business expenses. Defendant

26 knew or should have known that its policy and/or practice of paying the Fixed Monthly Expense

27 Allowance resulted in Class Members not being fully reimbursed and/or indemnified for all their

28 necessary motor vehicle business expenses in violation of Labor Code § 2802. Defendant did not

1  exercise its duty of due diligence and take all reasonable steps to ensure Class Members were

2  reimbursed for its motor vehicle related business expenses.

3        7.    Defendant has willfully failed and refused to reimburse Plaintiffs and Class Members or

4  at all, for motor vehicle business expenses, and other business expenses that they incurred in the regular

5  course of their duties as Defendant's employees, as required by Labor Code § 2802.

6  <div align="center">**JURISDICTION**</div>

7        8.    This Court has jurisdiction over Plaintiffs' claims for restitution arising from

8  Defendant's unlawful business practices, under California's Unfair Competition Law ("UCL"), Business

9  & Professions Code §§ 17203 and 17204.

10  <div align="center">**VENUE**</div>

11        9.    Venue as to Defendant is proper in the County of Riverside, pursuant to Code of Civil

12  Procedure § 395.5. Defendant is a Arizona corporation, with its place of business in California located at

13  12400 Riverside Drive, Eastvale, 91752 in Riverside County. Plaintiff is a resident of Hemet, California

14  in Riverside County. Therefore, venue is proper in Riverside County. Defendant employs Outside Sales

15  Representatives who work throughout the State of California. The unlawful acts alleged herein have a

16  direct effect on Plaintiff and Class Members within the State of California, some of whom were, and are

17  employed and incur unreimbursed business expenses while conducting Defendant's business throughout

18  California, including in Riverside County. The total amount at issue is under $3 million.

19  <div align="center">**PARTIES**</div>

20       10.    Plaintiff resides in Hemet, California. Plaintiff was employed by Defendant from May,

21  2013 through May, 2014. In the course of his employment with Defendant, Plaintiff's job duties

22  included traveling throughout the Riverside area and throughout Southern California for client meetings

23  and/or required job trainings and staff meetings. During that time Plaintiff was subject to Defendant's

24  unlawful business expense reimbursement policies and/or practices set forth herein, and incurred

25  unreimbursed business expenses in the course of carrying out his job duties.

26       11.    Defendant is an Arizona corporation with its principal place of business in Arizona.

27  Defendant is a wholly owned subsidiary of Shamrock Foods Company, is a family owned company,

28  which includes Shamrock Farms, the largest dairy in the Southwest, and Shamrock Foods, the seventh

<div align="center">PLAINTIFF'S CLASS ACTION COMPLAINT</div>

1    largest U.S. foodservice distributor.

2         12.    All of Plaintiff's claims stated herein are asserted against Defendant and any of its

3    predecessors, successors, and/or assigns that do, or have done, business, and that employ, or have

4    employed, Class Members in California during the Class Period.

5    **FACTUAL BACKGROUND**

6         13.    Defendant operates and, at all times during the Class Period, has done business

7    throughout California. Defendant, in the course of operating its business in California during the Class

8    Period, employs or has employed Plaintiff and Class Members as Outside Sales Representatives.

9         14.    Since at least May 2013, Defendant has maintained policies and practices relating to the

10   incurrence and reimbursement of business expenses that deny lawful reimbursement and/or

11   compensation to the Outside Sales Representatives.

12        15.    Defendant's expense-related policies and/or practices require, and/or with Defendant's

13   knowledge thereof permit, Class Members to pay for business expenses incurred in direct consequence

14   of discharging their sales duties on behalf of Defendant, without reimbursement in full by Defendant for

15   such expenses. Specifically, each month Defendant has reimbursed some or all Class Members a Fixed

16   Monthly Expense Allowance. However, this monthly allowance did not fully reimburse Outside Sales

17   Representatives for business-related expenses, including motor vehicle business expenses and other

18   business expenses that they incurred during the term of employment by Defendant.

19        16.    Defendant is aware or should have been aware that Class Members regularly incurred

20   business expenses in the discharge of their duties, as employees, in excess of any reimbursements that

21   may be provided to Class Members. Defendant is aware that Class Members on a regular basis drive

22   their personal motor vehicles from the Defendant's offices in which they are stationed to meet with

23   clients and potential clients of Shamrock Foods, often driving to meet with clients or potential clients in

24   numerous meeting locations each day.

25        17.    Defendant expects and requires Class Members to have a valid driver license, and to use

26   their own personal vehicle to travel to appointments and prospective customers each day. Defendant

27   requires and expects Class Members to maintain liability insurance, and requires them to present proof

28   of such insurance to Defendants.

18.    These policies and/or practices require, and/or with Defendant's knowledge thereof permit, Plaintiffs and Class Members to pay for expenses incurred in direct consequence of discharging their sales duties on behalf of Defendant, without reimbursement in full by Defendant for such expenses.

19.    Defendant has maintained its policies of denying reimbursement in full of Plaintiffs and Class Members' necessarily incurred business expenses, or substantially similar policies, throughout California and throughout the Class Period.

20.    Defendant is aware that Plaintiff and Class Members regularly incurred business expenses in the discharge of their duties, as employees, in excess of any reimbursements that may be provided to them. This knowledge is based, in part, on mileage records turned in weekly to Defendant that show actual miles driven for work. Class Members typically drove more than 5,000 miles per month. Defendant nevertheless has, throughout the Class Period, failed and refused to reimburse Plaintiff and Class Members for such business expenses incurred by them in their work as they solicit sales of Defendant's products and/or services to Defendant's clients and prospective clients at locations throughout their sales territories.

21.    Plaintiff and Class Members have been harmed by Defendant's unlawful business expense policies and/or practices in that they have not been paid for certain business expenses incurred while employed by Defendant, thereby diminishing their agreed-upon compensation, in substantial amounts to be proved at trial.

**CLASS ACTION ALLEGATIONS**

22.    Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action, pursuant to Code of Civil Procedure § 382. The class that Plaintiff seek to represent is composed of and defined as: all persons who have been employed by Defendant in California as Outside Sales Representatives and/or in a similar sales job capacity at any time from four years prior to the filing of this complaint through the earlier of commencement of trial or preliminary approval of any settlement in this case. All such Class Members were subject to Defendant's policy and/or practice of failing to fully reimburse employees' business expenses and its policy and/or practice of paying a Fixed Monthly Expense Allowance that did not cover Plaintiff and the Class Members' actual business expenses incurred.

23.     This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiffs are proper representatives of the Class:

a.     Numerosity:  The potential members of the Class Members as defined are so numerous and so diversely located throughout California, that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant has at all times during the Class Period employed more than 100 Outside Sales Representatives at any one time in California subject to Defendant's business expense reimbursement policies. Plaintiff is informed and believes that there are over 150 total Class Members.

b.     Commonality: There are questions of law and fact common to Plaintiff and the Class he seeks to represent that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

i. Whether Plaintiff and Class Members incurred unreimbursed business expenses in the discharge of their duties as employees, including but not limited to expenses for operation of personal motor vehicles such as mileage, insurance, gasoline and oil, parking costs, tolls, and depreciation and maintenance of their vehicles and cellular phones and monthly cellular phone bills.

ii. Whether Defendant intended, suffered and/or permitted, and/or was aware that Plaintiff and Class Members incurred such unreimbursed business expenses in the discharge of their duties as employees.

iii. Whether Defendant adopted a uniform policy and/or practice of paying a Fixed Monthly Expense Allowance to Plaintiff and the putative Class while at the same time having actual and/or constructive knowledge that the members of the Class were routinely incurring business related expenses in excess of the Fixed Monthly Expense Allowance;

iv. Whether Defendant knew or should have known that Plaintiff and the Class were routinely incurring business related expenses in excess of their Fixed Monthly Expense Allowance;

v. Whether Defendant's actual and/or constructive knowledge that Plaintiff and the Class were routinely incurring business related expenses in excess of their Fixed Monthly Expense

1  Allowance triggered an affirmative obligation by Defendant under Section 2802 of the Labor Code to

2  reimburse Plaintiff and the Class for the unreimbursed differential;

3          vi. Whether Defendant failed and/or refused to fully reimburse business expenses

4  incurred by Plaintiff and Class Members in the discharge of their duties.

5          vii. Whether Defendant's failure to reimburse business expenses incurred by Plaintiff

6  and Class Members, fully or at all, was the result of, and/or pursuant to, a business policy or regular

7  practice of Defendant.

8          viii. Whether Defendant violated Labor Code § 2802 by denying Plaintiff and

9  similarly situated Class Members reimbursement for their business expenses.

10         ix. Whether Plaintiff is entitled to restitution under Business and Professions Code

11 § 17200 of unreimbursed business expenses incurred by Plaintiff and Class Members.

12         x. The proper formula(s) for calculating damages, interest, and restitution owed to

13 Plaintiffs and the Class Members.

14         c.    Typicality: Plaintiff's claims are typical of the claims of the Class that he seeks

15 to represent. Plaintiff and Class Members sustained injuries and damages, and were deprived of property

16 rightly belonging to them, arising out of and caused by Defendant's common course of conduct in

17 violation of law as alleged herein, in similar ways and for the same types of expenses.

18         d.    Adequacy of Representation: Plaintiff is a member of the Class that he seeks to

19 represent, and he will fairly and adequately represent and protect the interests of the Class Members.

20 Plaintiff's interests do not conflict with those of Class Members. Counsel who represent Plaintiff are

21 competent and experienced in litigating large wage and hour class actions, including business expense

22 reimbursement cases, and other employment class actions, and will devote sufficient time and resources

23 to the case and otherwise adequately represent the Class. Plaintiff's counsel possess sufficient financial

24 resources and experience to serve as class counsel in this case for purposes of settlement and/or trial.

25         e.    Superiority of Class Action: A class action is superior to other available means

26 for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not

27 practicable, and questions of law and fact common to the Class predominate over any questions

28 affecting only individual members of each Class. Each Class Member has been damaged or may be

1  damaged in the future by reason of Defendant's unlawful policies and/or practices of not fully reimbursing

2  business expenses. Certification of this case as a class action will allow those similarly-situated persons

3  to litigate their claims in the manner that is most efficient and economical for the parties and the judicial

4  system. Certifying this case as a class action is superior because it allows for efficient and full

5  disgorgement of the ill-gotten gains Defendant has enjoyed by maintaining its unlawful business

6  expense reimbursement policy and/or practice, and will thereby effectuate California's strong public

7  policy of protecting employees from deprivation or offsetting of compensation earned in their

8  employment. If this action is not certified as a Class Action, it will be impossible as a practical matter

9  for many or most Class Members to bring individual actions to recover monies unlawfully withheld

10  from their lawful compensation due from Defendant, due to the relatively small amounts of such

11  individual recoveries relative to the costs and burdens of litigation.

12  

### FIRST CAUSE OF ACTION
### FAILURE TO REIMBURSE FOR BUSINESS EXPENSES
### ON BEHALF OF PLAINTIFF AND CLASS MEMBERS
### (LABOR CODE § 2802)

14  

15  24.    The allegations of Paragraphs 1 through 23 are re-alleged and incorporated herein by

16  reference, and Plaintiff alleges this cause of action on behalf of himself and the above-described Class of

17  similarly-situated Outside Sales Representatives.

18  25.    Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for

19  all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of

20  his or her duties." "Necessary" business expenses is defined to include all "reasonable expenses." *See,*

21  Labor Code § 2802 (c).

22  26.    In order to discharge their sales-related duties for Defendant, Plaintiff and Class

23  Members were required and expected by Defendant to use their own personal motor vehicles for

24  work-related travel. However, Defendant did not pay fully, or at all, for expenses incurred as a result of

25  Plaintiff and Class Members' use of their own motor vehicles for work, including, but not limited to, gas

26  and oil, insurance, parking costs, tolls, and depreciation and maintenance of their vehicles.

27  · 27.    Plaintiff and Class Members also incurred necessary business expenses in discharging

28  their sales-related duties away from Defendant's offices and facilities, such as purchase of printing

---

1  supplies or services for which Defendant did not reimburse them fully, or at all.

2       28.    Defendant's failure to pay for or reimburse the work-related business expenses of

3  Plaintiff and Class Members' violated non-waivable rights secured to Plaintiff and Class Members by

4  Labor Code § 2802.  Plaintiff and Class Members are entitled to reimbursement for these necessary

5  expenditures, plus interest and attorneys' fees and costs, under Labor Code § 2802.

6       29.    As a result of Defendant's violations of Labor Code § 2802, Defendant is also liable for

7  attorneys' fees and costs under Labor Code § 2802(c).

8       30.    Plaintiff on behalf of himself and Class Members, requests relief as described below.

9   

**SECOND CAUSE OF ACTION**
**UNFAIR COMPETITION LAW VIOLATIONS**
10  **ON BEHALF OF PLAINTIFF AND CLASS MEMBERS**
**(BUS. & PROF. CODE § 17200)**

11  

12       31.    The allegations of Paragraphs 1 through 30 are re-alleged and incorporated herein by

13  reference, and Plaintiff alleges this cause of action on behalf of himself and the above-described Class of

14  similarly-situated Outside Sales Representatives.

15       32.    Business & Professions Code §§ 17200, *et seq.* (the "UCL") prohibits unfair competition

16  in the form of any unlawful, unfair, or fraudulent business act or practice.  Business & Professions Code

17  § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute

18  a civil action for violation of the UCL.  Such a person may bring such an action on behalf of himself and

19  others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

20       33.    Beginning at an exact date unknown to Plaintiff, but at least as of May 2013 and

21  continuing to the present, Defendant has committed unlawful, unfair, and/or fraudulent business acts and

22  practices as defined by the UCL, by failing to reimburse and indemnify Plaintiff and Class Members for

23  employment-related business expenses and losses.

24       34.    In order to discharge their sales-related duties for Defendant, Plaintiff and Class

25  Members were required and expected by Defendant to incur and pay, and did in fact incur and pay,

26  business expenses in the course and scope of their employment, as alleged above.  Plaintiff and Class

27  Members were not reimbursed fully, or at all, by Defendant for such expenses.

28       35.    As a direct and proximate result of Defendant's unlawful and/or unfair practices

1  described herein, Defendant has received and continues to hold unlawfully obtained property and money

2  belonging to Plaintiff and Class Members in the form of unreimbursed employee business expenses that

3  reduced or offset compensation earned by Plaintiff and Class Members. As a direct and proximate result

4  of Defendant's unlawful business practices, Plaintiff and Class Members have suffered economic

5  injuries including, but not limited to out-of-pocket business expenses and resulting reductions or offsets

6  to earned compensation. Defendant has profited from its unlawful, unfair, and/or fraudulent acts and

7  practices in the amount of those business expenses and interest accrued thereon.

8      36.    Plaintiff and Class Members are entitled to restitution pursuant to Business &

9  Professions Code §§ 17203 and 17208 for all unpaid business expenses, and interest thereon, from four

10  years prior to the filing of this action to the date of such restitution, at rates specified by law. Defendant

11  should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to

12  Plaintiff and Class Members, from whom they were unlawfully taken.

13      37.    Plaintiff have assumed the responsibility of enforcement of the laws and public policies

14  specified herein by suing on behalf of themselves and other similarly situated members of the public

15  previously and presently employed by Defendant in California. Plaintiff's success in this action will

16  enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing

17  this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is

18  appropriate pursuant to Code of Civil Procedure § 1021.5.

19      38.    Plaintiff on behalf of himself and Class Members, request relief as described below.

20                              **PRAYER FOR RELIEF**

21  WHEREFORE, Plaintiff requests the following relief:

22      A.    That the Court determine that this action may be maintained as a class action under

23  Code of Civil Procedure § 382, and define the Class as requested herein;

24      B.    That the Court find and declare that Defendant's business expense policies and/or

25  practices violate California law, including Labor Code § 2802, by refusing and/or failing to reimburse

26  all business expenses incurred by Plaintiff and Class Members in the discharge of their duties as

27  employees of Defendant;

28      C.    That the Court find and declare that Defendant has violated the UCL and committed

PLAINTIFF'S CLASS ACTION COMPLAINT

1 unfair and unlawful business practices by failing to reimburse Plaintiff and Class Members for business

2 expenses incurred by them in the course of their duties for the benefit of Defendant, their employer;

3        D.        That the Court find and declare that Defendant's business expense policies and practices

4 violate California law by causing a denial or forfeiture of compensation including earned wages;

5        E.        That the Court award to Plaintiff and similarly situated Class Members all unreimbursed

6 business expenses, and interest thereon, that they are owed, pursuant to Labor Code § 2802, in an

7 amount to be proved at trial;

8        F.        That Defendant be ordered to pay restitution to Plaintiff and the Class due to Defendant's

9 UCL violations, pursuant to Business and Professions Code §§ 17200-17205, in the amount of their

10 unreimbursed business expenses and interest thereon;

11        G.        That Plaintiff and the Class be awarded reasonable attorneys' fees, costs and interest

12 pursuant to Labor Code § 2802(c) and Code of Civil Procedure § 1021.5, and/or other applicable law;

13        H.        That the Court award such other and further relief as this Court may deem appropriate.

14                        **DEMAND FOR JURY TRIAL**

15        Plaintiff, on behalf of himself and similarly situated Class Members, hereby demand a jury trial

16 on all causes of action and claims with respect to which they have a right to jury trial.

17

18 Dated: March 13, 2017                        Respectfully,

19                                        Ackermann & Tilajef, P.C.
                                          Melmed Law Group P.C.
20

21

22

        By:   _____
23                Craig Ackermann, Esq.
                  Jonathan Melmed, Esq.
24                Counsel for Plaintiffs and the Putative Class

25

26

27

28

                        PLAINTIFF'S CLASS ACTION COMPLAINT

```
=================================================================
0.45 |12:28  |   99  |  3/13/17 | 12:28 | 12:28 |       |
=================================================================
  15|       |       |          |       |       |       |
  |         |       |          |       |       |       |
==========================================================Cntrl#=======
  6171|MELMED LAW GROUP PC            |  FAXFILE |  15   | 3282784 | DX*
=================================================================
 Lorie Gutierrez | CHAVEZ V. SHAMROCK FOO |  1/  1    |        | 3/13/17 |
 pu info:=============================================|========|======
==
 MELMED LAW GROUP PC                  | Please file all  | 3/13/17 |
 1180 South Beverly Dr.               | documents together| Fr:11:50 |
 LOS ANGELES     CA    90035          | with Riverside   |         |
 310 824-3828            Zns:167/4    | County Superior  |         |
 Lorie Gutierrez  Rm:Suite 610        | Court, Historic  |         |
                                      | Courthouse located|        |
 del info:============================================================
 RCSC-RIVERSIDE 4050 MAIN STREET      | at 4050 Main Street,| 3/13/17 |
 4050 MAIN STREET                     | Riverside, CA 92501.|        | 99
 RIVERSIDE       CA    92501          |                  |         |
 951 955-1960    Ext:3828  Zns:467/80 |                  | To:12:50 |
 NOT AVAILABLE                        |                  |         |
                                      | 3/13/17   11:50  | Yes     | ???
```

```
3/13/17 11:50:33 DX* unknown
3/13/17 11:50:34 DX* Chavez v. Shamrock Foods Company
3/13/17 11:50:35 DX* Summons, Case Cover Sheet, Complaint, Certificate
3/13/17 11:50:36 DX* Thereafter, please serve Agent for Service of Process:
3/13/17 11:50:37 DX* CT Corporation System, 818 W. 7th Street, Suite 930, Los
3/13/17 11:50:38 DX* Angeles, CA 90017. Please file proof of service of
3/13/17 11:50:39 DX* summons upon completion of service. Please send all
3/13/17 11:50:40 DX* conformed copies upon completion of filing(s).
3/13/17 11:50:41 DX* Attachment: 2017-03-13_-_Shamrock_Foods_-_Summons__uncon
3/13/17 11:50:42 DX* Attachment: 2017-03-13_-_Shamrock_Foods_-_Civil_Case_Cov
3/13/17 11:50:43 DX* Attachment: 2017-03-13_-_Shamrock_Foods_-_Class_Action_C
3/13/17 11:50:44 DX* Attachment: 2017-03-13_-_Shamrock_Foods_-_Certificate_of
```

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
4050 Main Street - 2nd Floor
Riverside, CA  92501
www.riverside.courts.ca.gov

## NOTICE OF DEPARTMENT ASSIGNMENT FOR ALL PURPOSES

CHAVEZ VS SHAMROCK FOODS COMPANY

### CASE NO. RIC1704339

This case is assigned to the Honorable Judge Sharon J. Waters  in Department 10 for all purposes.

The   Case Management Conference is scheduled for 09/11/17 at   8:30 in Department 10.

The  plaintiff/cross-complainant  shall  serve  a  copy  of  this  notice  on  all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

Requests for accommodations can be made by submitting Judicial Council form MC-410 no fewer than five court days before the hearing. See California Rules of Court, rule 1.100.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.    Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the foregoing NOTICE on this date, by depositing said copy as stated above.

Court Executive Officer/Clerk

Date: 03/13/17

by: _____  **M. PRECIADO**

MARIA M PRECIADO, Deputy Clerk

odccmc
7/14/16

```
***********************************************************************
*            Superior Court of California, County of Riverside        *
*                    www.riverside.courts.ca.gov                      *
*                                                                     *
*                     SUPERIOR COURT- RIVERSIDE                       *
*-------------------------------------------------------------------- *
*                                                                     *
* Receipt # 201703130301    Oper: RCMMP              Date: 3/13/17    *
*                                                                     *
* Case #   RIC1704339    Case Type: Riverside Civil                  *
*                                                                     *
* Name: CHAVEZ VS SHAMROCK FOODS COMPANY                             *
*                              Complex Case Designation (Plai        *
* Payment Type: CHECK                                                 *
*                                                                     *
*Received:        $1,000.00                                           *
*        Fee :    $1,000.00                                           *
*Change:             $0.00                                            *
*                                                                     *
*-------------------------------------------------------------------- *
```

```
*******************************************************************************
*         Superior Court of California, County of Riverside             *
*                   www.riverside.courts.ca.gov                          *
*                                                                        *
*                     SUPERIOR COURT- RIVERSIDE                          *
*------------------------------------------------------------------------*
*                                                                        *
* Receipt # 201703130293     Oper: RCMMP            Date:  3/13/17        *
*                                                                        *
* Case #    RIC1704339    Case Type: Riverside Civil                     *
*                                                                        *
* Name: CHAVEZ VS SHAMROCK FOODS COMPANY                                 *
*                                      Civil Complaint Filing Fee        *
* Payment Type: CHECK                                                    *
*                                                                        *
*Received:          $450.00                                              *
*        Fee :      $450.00                                              *
*Change:              $0.00                                              *
*                                                                        *
*------------------------------------------------------------------------*
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

| | | |
|---|---|---|
| CASE TITLE: MIGUEL CHAVEZ vs. SHAMROCK FOODS COMPANY | Depart. 10 | |
| CASE NO.: RIC1704339 | | F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE |
| DATE: March 14, 2017 | | MAR 17 2017 |
| PROCEEDING: Case Management Order – Class Action | | L. Hall |

Unless and until ordered otherwise, the following provisions shall govern the management of this case. Plaintiff shall serve a copy of this order on all parties and shall file proof of service of the same.

A.    Case Management

1.    The Court provisionally finds that this is a complex case. (Cal. Rules of Court, rules 3.400(c)(6) and 3.403(b).) The clerk shall impose fees accordingly. The court will entertain objections to this designation at the next Case Management Conference/Status hearing.

2.    This case has been assigned to Department 10 for all purposes, including case management, law and motion, and trial.

3.    Five days before any schedule case management or status conference, the parties shall file a joint statement addressing the status of the case, including the progress of discovery and mediation and identifying any issues the parties would like to discuss with the court. The parties shall not file Case Management Statements on Judicial Council form CM-110.

4.    **The lead counsel shall personally appear at all case management/status conferences. Court Call is not permitted.**

B.    Pleadings

1.    Before filing a demurrer, a motion to strike, a motion for judgment on the pleadings, or any other challenge to an opponent's pleading, the parties shall meet and confer to determine whether the challenge is arguably meritorious and, if so, whether the parties will stipulate to leave to amend being granted to allow the pleading to be amended in an attempt to cure the asserted defect. Additionally, if any party believes that its pleadings require amendment, before filing any motion to amend, the parties shall meet and confer to determine whether the parties will stipulate to leave to amend being granted.

By "meet and confer," the Court means that counsel for the parties shall meet with each other, either by telephone or in person, to discuss any arguable defects in the pleadings, and whether

those potential defects can be resolved or diminished by amendment. Merely sending a letter to opposing counsel does not constitute a meeting, and thus does not comply with this order.

     2.     Any challenge to a pleading, and any motion for leave to amend a pleading, must be accompanied by a declaration describing those meet-and-confer efforts and establishing that such a stipulation to amend was sought without success.

C.    Discovery

     1.     **All formal pre-certification discovery is hereby stayed pending further order of the court.**

     2.     All formal discovery concerning solely the merits of the plaintiff's claims (as opposed to whether a class should be certified to prosecute those claims) will be stayed until a motion regarding class certification is filed and decided.

     3.     Before the court will permit a party to propound any formal discovery concerning class-certification issues, the party must demonstrate that they have met and confer with the opposing party(s) to discuss both (a) the scope and sources of the information needed to support or oppose such a motion and (b) whether the parties will agree to exchange that information informally and were unable to reach an agreement.

     4.     No discovery motions may be filed without leave of court. If the parties are unable to resolve a discovery dispute, then counsel shall contact the clerk of this department to schedule an informal conference at which the court will discuss the dispute with counsel and, if not resolved to the parties' satisfaction, will consider any request for leave to file a formal motion. The conference may be conducted by telephone or in person, as counsel prefer.

D.    Mediation

     1.     The court expects the parties to engage in private mediation at the earliest practicable time. By this court means the court expects the parties to engage in private mediation prior to the filing of any motion regarding class-certification and when each party has obtained, through informal means, sufficient information from the opposing party(s) so as to be able to engage in meaningful mediation.

E.    Motions for Preliminary Approval of Settlement

     If the matter is settled and a motion for preliminary approval of the settlement is filed:

     In General

     1.     The motion shall be supported by a declaration from the plaintiff's attorney that, inter alia:

a.    Sets forth the attorney's estimate of the total amount of damages, monetary penalties or other relief that the class would be awarded if the action were successful at trial on all of its claims.

b.    Sets forth the attorney's estimate of the total amount of damages, monetary penalties or other relief that the class could reasonably expect to be awarded at trial, taking into account the likelihood of prevailing and other attendant risks.

c.    Sets forth the attorney's estimate of the recovery by the average class member if the settlement were approved. If the recovery by different class members will vary, the attorney shall also estimate the range (high and low) of possible recoveries.

d.    States (i) whether the attorney is aware of any class, representative or other collective action in any other court in this or any other jurisdiction that asserts claims similar to those asserted in this action on behalf of a class or group of individuals who would also be members of the class defined in this action and, if so, (ii) the name and case number of any such case, the nature of the claims asserted, the definition of the class or other parties on whose behalf the action is brought, and the procedural status of that case. Before making that declaration, the attorney shall make reasonable inquiry of other members of the attorney's law firm and any associated law firm to determine whether those individuals are aware of any such similar actions.

2.    The motion shall be supported by a declaration from the defendant's attorney that (a) states whether the attorney is aware of any class, representative or other collective action in any other court in this or any other jurisdiction that asserts claims similar to those asserted in this action on behalf of a class or group of individuals who would also be members of the class defined in this action and, if so, (b) describes the name and case number of any such case, the nature of the claims asserted, the definition of the class or other parties on whose behalf the action is brought, and the procedural status of that case. Before making that declaration, the attorney shall make reasonable inquiry of other members of the attorney's law firm and any associated law firm to determine whether those individuals are aware of any such similar actions.

3.    The motion shall discuss the proposed method of giving notice, the alternative methods considered, and the reasons that the proposed method is the one most likely to give actual notice to the greatest number of class members.

4.    If the settlement requires the class members to submit claims, the motion shall explain why a claim process is reasonably necessary. If the defendant knows (a) the identity of the class members, (b) their addresses or former addresses, and (c) the facts necessary to calculate the recovery of each class member, the Court will require a strong showing of necessity for a claims process.

5.    Any release to be given by the participating class members, other than the class representative(s) shall be limited to:

3 of 8

     a.    The defendants named in the complaint, together with their officers, directors, employees and agents, successors and assigns. If any other parties are sought to be released, the settlement agreement shall both identify those other parties and explain the facts that justify their inclusion.

     b.    The claims stated in the complaint and those based on the facts alleged in the complaint.

6.    If the settlement contemplates the use of an administrator to implement the terms of the settlement, the motion shall be supported by a declaration describing the administrator's competence, the fee to be charged by the administrator, and whether that fee is fixed or hourly.

7.    The motion shall describe how the value of any uncashed checks will be distributed.

8.    If the settlement includes compensation for unpaid wages, the motion shall describe how the employer's share of any applicable payroll taxes will be handled.

9.    If the settlement provides for the payment of penalties under PAGA, the motion shall be accompanied by a declaration describing how the penalties were calculated and otherwise establishing facts sufficient to allow the Court to review and approve those penalties as required by Labor Code section 2699, subdivision ($l$). If the agreed-upon amount of the penalties is less than the statutory maximum, the declaration shall explain why greater penalties would be unjust, arbitrary and oppressive, or confiscatory. (*Id.*, subd. (e)(2); *Amaral vs. Cintax Corp. No. 2* (2008) 163 Cal.App.4th 1157, 1213-1214.)

10.    The documents that will be read by or used by the class members – the proposed notice, objection form, exclusion form and claim form, if any – shall be drafted in a manner that is likely to be readily understood by the members of the class, given their likely age, education, experience, and English-language facility. To assist the Court in determining whether those documents comply with that directive, the motion shall include evidence concerning the likely age, education, experience, and English-language facility of the class members.

11.    If the Court rejects any proposed order, notice, objection form, exclusion form or claim form, any revised version shall be accompanied by a "red-lined" version showing how the earlier version was modified

### The Order

12.    The proposed order shall include, as attachments to the order, the proposed notice, proposed exclusion form, proposed objection form, and any proposed claim form. Because the Court may modify those proposed forms, the Court will not issue an order that merely incorporates by reference the forms attached to the settlement agreement.

13.    Counsel shall carefully review both the terms and the terminology of the proposed order and accompanying forms (proposed notice, objection form, exclusion form, and claim form,

if any) to confirm that the various documents are consistent with each other and with the settlement agreement.

14.   If objections are to be filed directly with the court, the proposed order shall provide that the notice shall be accompanied by an objection form that bears the case caption or that otherwise prominently states the case name and case number.

15.   The proposed order shall not include a provision that an objecting party must appear, either personally or through counsel, at the final hearing for that party's objection to be considered.

16.   The proposed order shall provide that the notice shall be accompanied by an exclusion ("opt-out") form that the class members may use.

17.   The proposed order shall state the name of any claims administrator.

18.   If the proposed order includes a provision enjoining the class members from filing any actions or administrative claims or proceedings pending the final hearing on the settlement, or for any other period, the motion shall include citations to authority for such an injunction.

### Notice

19.   The notice shall include an estimate of the likely recovery by the average class member. If the recovery by different members will vary, the notice shall also include an estimate of the range of possible recoveries.

20.   To avoid discouraging any dissenting class members from objecting to the proposed settlement, the notice should clearly indicate that the Court has determined only that there is sufficient evidence to suggest that the proposed settlement might be fair, adequate, and reasonable, and that any final determination of those issues will be made at the final hearing.

21.   The notice shall advise the class members of where they can find the settlement agreement, by describing the full title and filing date of the declaration or other document to which it is attached.

### Claim Form

22.   If the Court preliminarily approves the use of a claims-made settlement process, the information required to be provided by the class member on any claim form shall not exceed the minimum information necessary to process the claim.

### Objection Form

23.   The proposed order shall include an objection form.

24.     The information required to be provided by an objecting class member on the objection form shall not exceed the minimum information necessary to (a) identify the objector as a person entitled to object to the settlement and (b) to describe the nature of the objection.

25.     If a claims process is used, the objection form shall remind the objector that, to participate in the settlement in the event that the objection is overruled, the objector must also submit a claim.

Exclusion Form.

~~26.   The proposed order shall include an exclusion form.~~

F.      Motions for Final Approval of a Settlement

If the matter is settled and a motion for final approval of the settlement is filed:

1.      Any request for a "service," "enhancement," or "incentive" payment to a named class representative shall be supported by a declaration from the proposed recipient in which the declarant (a) describes the services performed by the declarant to further the prosecution of the action, (b) estimates the time incurred by the declarant in performing those services, (c) describes any risks undertaken by the declarant in prosecuting the action, (d) describes any adverse consequences actually suffered by the declarant as a result of prosecuting the action, and (e) describes any benefits received by the declarant as a result of prosecuting the action.

2.      Any request for compensation for the services of any claims administrator shall be supported by a declaration from the claims administrator describing the services performed, the time incurred to perform those services, and either the hourly rate charged for those services or the agreed-upon flat fee.

3.      Any request for compensation for attorney's fees shall be supported by copies of the time records maintained by the plaintiff's attorneys, or if no such records exist, then by a declaration (a) describing in detail the nature of the legal services provided and (b) estimating the time incurred in performing those services. The declaration shall also describe the hourly rate or rates customarily charged by the attorney for the attorney's time during the period in which those services were performed.

4.      Any request for compensation for expenses incurred by the plaintiff's attorney shall be supported by a declaration or other evidence itemizing the expenses incurred.

5.      The order granting the motion for final approval shall set a deadline for the filing of a report concerning the amount of money distributed. (Code Civ. Proc., § 384, subd. (b).)

## G.   Final Report Hearing

1.   Any report pursuant to Code of Civil Procedure section 384, subdivision (b), shall be in the form of a declaration from the administrator or other declarant with personal knowledge of the facts, and, if there is unpaid residue to be distributed, shall be accompanied by a proposed amended judgment.

2.   If the settlement provides that any unclaimed or otherwise unpaid residue of the settlement proceeds are to be distributed to a proposed cy pres recipient, class counsel shall:

a.   Disclose whether there is any relationship between the proposed cy pres recipient and (i) any class representative or other party or (ii) any attorney for any party.

b.   Provide a declaration from a knowledgeable person from the proposed cy pres recipient establishing that the recipient is either (i) a nonprofit organization or foundation that supports projects that will benefit the class or similarly situated persons, or that promotes the law consistent with the objectives and purposes of the underlying cause of action, (ii) a child advocacy program, or (iii) a nonprofit organizations providing civil legal services to the indigent. (See Code Civ. Proc., § 384, subd. (b).) In particular, that declaration shall describe the history of the recipient, the types of projects that it has conducted or supported over the last five years, and any particular use to which it would intend to devote the unpaid residue if received.

c.   In the Court's view, Code of Civil Procedure section 384, subdivision (b), lists the possible recipients of unpaid residue in a descending order of preference. If the cy pres recipient proposed by the parties is one involved in child advocacy or that provides civil legal services to the indigent, class counsel shall provide a declaration explaining why the parties did not propose an organization that will either "benefit the class or similarly situated persons, or . . . promote the law consistent with the objectives and purposes of the underlying cause of action."

## H.   Requests for Dismissal of Class Claims

If the plaintiff seeks to dismiss the action or the class allegations in the action:

1.   The plaintiff must file a declaration that complies with California Rules of Court, rule 3.770(a), pertaining to any consideration being paid for the dismissal. Because the purpose of the requirement is to avoid collusion between the parties to the detriment of the potential class members, the showing must be made by declaration rather than by stipulation.

2.   Because the Court must also decide whether notice should be given to actual or potential class members (Cal. Rules of Court, rule 3.770(c)), the declaration shall also state (a) whether any formal or informal notice of the existence of the action has been given to any of the potential class members by either the plaintiff or plaintiff's counsel, and (b) if so, the nature and extent of that notice.

I.    Motions Regarding Class Certification

No motions on the issue of whether a class should be certified may be filed without court permission.

_____
Sharon J. Waters, Judge of the Superior Court

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street - 2nd Floor
Riverside, CA  92501
www.riverside.courts.ca.gov

CLERK'S CERTIFICATE OF MAILING

MIGUEL CHAVEZ

    vs.         ·            CASE NO. RIC1704339

SHAMROCK FOODS COMPANY


TO:  ACKERMANN & TILAJEF PC
     1180 SOUTH BEVERLY DR STE. 610
     LOS ANGELES CA 90035




I certify that I am currently employed by the Superior Court of
California, County of Riverside and I am not a party to this action
or proceeding. In my capacity, I am familiar with the practices and
procedures used in connection with the mailing of correspondence. Such
correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the attached
Case management order on this date, by depositing
said copy as stated above.

                          Court Executive Officer/Clerk


Dated: 03/17/17          by: _____
                            LETICIA HALL, Deputy Clerk

ACKERMANN & TILAJEF, P.C.
Craig J. Ackermann (CA State Bar No. 229832)
cja@ackermanntilajef.com
1180 S. Beverly Drive, Suite 610
Los Angeles, CA 90035
Telephone:    (310) 277-0614
Facsimile:    (310) 277-0635

MELMED LAW GROUP P.C.
Jonathan Melmed (CA State Bar No. 290218)
jm@melmedlaw.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 824-3828
Facsimile: (310) 862-6851

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| Miguel Chavez, individually and on behalf of all others similarly situated; | CASE NO.: **RIC1704339**<br>[Class Action] |
| Plaintiffs, | **PROOF OF SERVICE OF CASE MANAGEMENT ORDER DATED 03/17/2017** |
| v. | |
| Shamrock Foods Co., an Arizona Corporation, and DOES 1-10. | |
| Defendant. | |

1

**PROOF OF SERVICE**

2

I, Rosie Stolerman, am over the age of 18 years and am employed in the county of Los
Angeles, State of California. I am not a party to this action. My business address is 1180 S.
Beverly Drive, Ste. 610, Los Angeles, California 90035.

3

4

I declare that on the date hereof, <u>March 24, 2017</u>, I served a copy of:

5

-    **Case Management Order Class Action dated 03/17/2017**

6

on the interested parties in this action as follows:

7

8    Shamrock Foods Company, an Arizona Corporation
c/o CT Corporation System, Registered Agent
9    818 West Seventh Street
Suite 930
10   Los Angeles, CA 90017

11

__X__    (By Mail) I caused such envelope, with postage thereon fully prepaid, to be placed in the
12   United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of
collection and processing correspondence for mailing. Under that practice, it would be deposited
13   with the U.S. postal service on that same day with postage thereon fully prepaid in Los Angeles,
California in the ordinary course of business. I am aware that on motion of the party served,
14   service is presumed invalid if postal cancellation date or postage meter date is more than one day
after date of deposit for mailing in affidavit.

15

16   I declare under penalty of perjury under the laws of California that the above is true and
correct. I further declare that I am employed in the office of a member of the bar of this court at
17   whose direction the service was made.

18   Executed at Los Angeles, California on <u>March 24, 2017</u>.

19

20

21   Rosie Stolerman

22

23

24

25

26

27

28