JS-6

# IN THE DISTRICT COURT OF THE UNITED STATES
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL CHAVEZ, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SHAMROCK FOODS COMPANY, an Arizona Corporation, and DOES 1 to 10,<br><br>　　　　Defendant. | **Case No. 5:17-cv-00731-SVW-AFM**<br><br>**ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:　　April 9, 2018<br>Time:　　1:30 p.m.<br>Judge:　　Hon. Stephen V. Wilson<br>Dept.:　　10A |

/ / /

/ / /

/ / /

The Court, having considered Plaintiff Miguel Chavez's ("Plaintiff") unopposed Motion for Final Approval of Class Action Settlement between Plaintiff and Defendant Shamrock Foods Company ("Defendant"),[1] and Plaintiff's Motion for Attorneys' Fees and Costs [Dkt. No. 41], and good cause appearing therefore, hereby **GRANTS** final approval of the parties' Class Action Settlement Agreement (the "Settlement")[2] as set forth below and **ORDERS AND MAKES THE FOLLOWING FINDINGS AND DETERMINATIONS:**

1. The Court has personal jurisdiction over all Class Members and Defendant, and the Court has subject matter jurisdiction to approve the Settlement (including all Exhibits thereto).

2. The Settlement, including the definitions applicable to the Settlement, is incorporated by reference into this Order. All terms used in this Order, unless otherwise defined, shall have the same meanings given those terms in the Settlement.

3. The Court finds that the Settlement was reached after arm's-length negotiations between the Parties, including an all-day mediation session; the proposed Settlement was concluded only after counsel for the Parties had conducted adequate discovery and investigation; and the Settlement of this action, as embodied in the terms of the Settlement, is finally approved as fair, reasonable, adequate and consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law, and in the best interests of the Parties and the Class Members.

4. For the purpose of settlement, the Court finally certifies the following "Class":

> All persons who have been employed by Defendant in California as Account Executives, Outside Sales Representatives and/or in similar sales job capacity and who received a flat rate reimbursement for

---

[1] Plaintiff and Defendant are collectively referred to as the "Parties."
[2] The Settlement is in the Court's record as Exhibit 1 to Dkt. No. 29-1.

automobile-related business expenses, in an amount less than $800 per month, at any time between March 13, 2013 through December 31, 2018 (the "Class Period").

5. The above Class, consisting of 111 Class Members, is certified for settlement purposes only, and the certification should not be construed as an admission by Defendant with respect to any of the allegations made against it by or on behalf of the members of the Class.

6. The Court appoints Plaintiff Miguel Chavez as the Class Representative.

7. The Court appoints Craig J. Ackermann and Avi Kreitenberg of Ackermann & Tilajef, P.C., and Jonathan Melmed of Melmed Law Group P.C. as counsel for the Class (collectively, "Class Counsel").

8. The Court previously appointed CPT Group, Inc. as the Settlement Administrator.

9. The Court finds that:

    a. the above-described Class contains members so numerous that the joinder of all of them is impracticable;

    b. there are questions of law or fact common to the Class;

    c. the claims of the Plaintiff are typical of the claims of the Class that Plaintiff seeks to represent; and

    d. the Plaintiff and Class Counsel have fairly and adequately protected the interests of the Class.

10. The Parties and their counsel are ordered to implement and to consummate the Settlement according to its terms and provisions.

11. The Notice and the notice methodology implemented pursuant to the Settlement (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this action, their right to object to or exclude themselves from the proposed Settlement and their right to appear at the Final Settlement Hearing; (iii) was

- 3 -
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules Civil Procedure, the United States Constitutions (including the Due Process Clauses), and any other applicable law. No Class Members submitted objections to the Settlement as part of this notice process, no Class Members requested exclusion from the settlement, and no Class Members filed a written statement of intention to appear at the Final Approval Hearing.

12. The terms of the Settlement and this Order and Final Judgment are binding on Plaintiff and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata*, collateral estoppel and all other preclusive effect in all pending and future claims, lawsuits or other proceedings (governmental, administrative, regulatory or otherwise), including all forms of alternative dispute resolution, maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that have been raised in this Action as provided by the Settlement. No Class Members timely excluded themselves from the Class, so all are bound by the Release of Defendant and the other released parties set forth in the Settlement Agreement.

13. In accordance with the Settlement, as of the Effective Date (as defined in the Settlement), Plaintiff and all Settlement Class Members are deemed to have conclusively released Defendant and all affiliated and related parties and entities (including all former and present parents, subsidiaries, brother/sister corporations, and affiliates, predecessors, owners, members, successors, shareholders, divisions, and each of these parties' and entities' respective past and present officers, directors, employees, partners, members, shareholders, insurers, agents, attorneys, and any other successors, assigns, or legal representatives, from all federal, state and local law claims, rights, demands, liabilities, and causes of action, whether known or unknown, arising from, or related to, the allegations that were made or reasonably could have

1 been made based on the facts alleged in the operative Complaint in this Action, for the
2 period from March 13, 2013 through December 31, 2017.

3     14.    The Parties are authorized, without further approval from the Court, to
4 agree to and to adopt such amendments, modifications and expansions of the
5 Settlement and all exhibits attached thereto which (i) are consistent with this Final
6 Judgment, and (ii) do not limit the rights of Class Members under the Settlement.

7     15.    The Court grants a Class Representative Service award of $7,500 to the
8 Plaintiff. This request is justified in light of the fact that, among other things, Plaintiff
9 spent numerous hours conferring with Class Counsel, reviewing documents, gathering
10 evidence, responded to discovery, sat for a deposition, attended an all-day mediation,
11 entered into a general release, Plaintiff's efforts resulted in a favorable result for the
12 Class, and Defendant did not oppose the request. The Class Representative Service
13 award will be paid to Plaintiff in accordance with the terms of the Settlement.

14     16.    The Court grants Plaintiff's and Class Counsel's request for an award of
15 Attorneys' Fees in the amount of $87,500.00 and costs in the amount of $20,000.00.
16 The request attorneys' fees are justified in light of, among other things, the following
17 facts: (1) Class Counsel vigorously prosecuted this case and achieved a favorable
18 result for the Class; (2) the legal issues were somewhat complex; (3) Defendant did
19 not oppose the request; and (4) the request is reasonable and consistent with the Ninth
20 Circuit's 25% benchmark and to Class Counsel's actual lodestar time expended. The
21 award is granted, and the attorneys' fees and costs shall be paid by Defendant to Class
22 Counsel in accordance with the terms of the Settlement.

23     17.    The $8,750 designated for payment to CPT Group, Inc., the Settlement
24 Administrator, is fair and reasonable. The Court grants final approval of, and orders
25 the Parties to make the payment to the Settlement Administrator in accordance with
26 the Settlement.

27     18.    The Court approves the allocation of $5,000 of the Settlement as payment
28 for penalties under the California Labor Code Private Attorney Generals Act

("PAGA"), and further approves of payment of $3,750 to the Labor and Workforce Development Agency for its portion of the PAGA penalties pursuant to Cal. Labor Code sections 2698-2699.

19. The Court finds that Defendant has duly complied with all notice requirements under CAFA, 28 U.S.C. § 1711, et seq.

20. In the event that a Settlement check cannot be delivered to a Class Member, or a Class Member does not cash a Settlement checks after the events and deadlines set forth in Section 7 of the Settlement, then the Settlement Administrator shall redistribute the amount associated with the the checks as follows: 25% to the California State Treasury for the Trial Court Improvement and Modernization Fund, 25% to the California State Treasury for the Equal Access Fund of the Judicial Branch, and 50% to the Legal Aid Society of Los Angeles pursuant to Code of California Civil Procedure § 384.

21. Final Judgment is hereby extnered in this matter based on entry of final approval of the parties' Class Action Settlement. The Court retains jurisdiction, however, to interpret or enforce the terms of the settlement.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

Dated: April 3, 2018

THE HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT COURT JUDGE